RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 8/14/14

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| CHARLES DEAL | CIVIL ACTION NO.: 1:13-cv-0079 |
| VERSUS | |
| WINN CORRECTIONAL CENTER, ET AL. | JUDGE JAMES T. TRIMBLE JR.<br>MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

Before the court is a motion for summary judgment (Doc. 21) referred to me by the district judge for report and recommendation.

Procedural History

On January 10, 2013, *pro se* plaintiff, Charles Deal ("Deal"), proceeding *in forma pauperis*, filed a civil rights complaint pursuant to 42 U.S.C. §1983 (Doc. 1). Deal, a Louisiana Department of Public Safety and Corrections ("DOC") inmate, housed at Winn Correctional Center in Winnfield, Louisiana, alleged his Eighth Amendment rights were violated because the defendants failed to protect him from an assault carried out by another inmate. Deal named Winn Correctional Center (WCC), Warden Tim Keith ("Warden Keith"), Assistant Warden Walker, Virgil Lucas, Chief Glover, Medical Staff, Tony Moore and Dr. Koplesky as defendants to the lawsuit.

On May 10, 2013, after reviewing the complaint, I ordered Deal to amend his complaint to state what each defendant did to violate his constitutional rights, provide the dates of each alleged violation, present allegations of deliberate indifference and advise whether he received a disciplinary charge, conviction and/or punishment.

Deal filed his amended complaint on July 11, 2013, (Doc. 9) dismissing Assistant Warden Walker, Virgil Lucas, Chief Glover, Medical Staff, Tony Moore and Dr. Koplesky from suit. Deal alleged Correctional Officers Jarvis Robinson ("Robinson") and Gloria Hood ("Hood") as well as Warden Keith acted with deliberate indifference to his safety. Specifically, he alleged Robinson and Hood disregarded prison policies and procedures and allowed inmate Darius Hollins ("Hollins") to access Deal's tier. Deal alleged Warden Keith acted with deliberate indifference by allowing Robinson and Hood to disregard the rules and endanger the safety of inmates.

On April 4, 2014, the defendants filed a motion for summary judgment asserting Deal could not prove deliberate indifference (Doc. 21). On July 21, 2014, Deal filed an opposition to the motion for summary judgment (Doc 30) as well as a motion to amend (Doc. 28) which I denied on July 22, 2014 (Doc. 31).

To date, defendants have not filed a reply to the opposition. As the deadline by which to do so, passed, the matter is ripe for report and recommendation.

## Facts

Dean was assigned to the Ash C1 Tier at WCC and Hollins was assigned to the Ash D2 Tier. On July 16, 2012, surveillance video captured Hollins accessing Deal's tier during a mass movement of inmates from the small yard.

Once Hollins gained access, he approached Deal and demanded the return of his compact disc player motor. Deal stated the compact disk motor belonged to an inmate on his tier and refused to turn it over to

Hollins. A fight, which was caught on camera, ensued and the two punched and wrestled with one another. Deal sustained injuries to his nose and face and was transferred to Huey P. Long Medical Center for treatment.

<u>Law and Analysis</u>

In his amended complaint, Deal names Robinson and Hood as defendants and alleges they were deliberately indifferent to his safety. Specifically, he alleges they accepted a bribe from Hollins and allowed him to access Deal's tier.

Prison officials have a duty, under the Eighth Amendment, to protect prisoners from violence at the hands of other prisoners. <u>Farmer v. Brennan</u>, 511 U.S. 825 (1994). A prison official violates the Eighth Amendment when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious and the prison official's act or omission must result in the denial of the minimum civilized measure of life's necessities. Second, a prison official must have a sufficiently culpable state of mind, i.e. deliberate indifference to a prisoner's constitutional rights, to be subjected to §1983 liability. <u>Id.</u>, 511 at 832. A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health and safety. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference. "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no

3

cause for commendation, cannot under our cases be condemned as the infliction of punishment." Id. at 838. Thus, to establish a "failure to protect" claim under the Eighth Amendment, the inmate must show the official acted or failed to act despite his knowledge of a substantial risk of serious harm. Id. at 842.

Deal alleges Robinson and Hood accepted a bribe but, he fails to allege either of them knew Hollins presented a threat to Deal's safety. Additionally, Deal fails to allege Robinson and/or Hood intentionally disregarded his general safety. In fact Deal admits he lacks evidence showing Robinson and/or Hood ever accepted a bribe, ever allowed any inmate access to a non-assigned tier or knew Hollins posed a risk to Deal's safety. (Id. 12-13, 17). Deal explained the bribe allegation was based upon speculation as he witnessed other inmates bribe other correctional officers with food and drinks. (Doc. 21-4, p.13-14).

Deal has not and cannot carry his burden of proving either Robinson or Hood knew there was a threat to Deal's safety, much less that either of them disregarded the risk such a threat might pose. Accordingly, his claims against Robinson and Hood should be dismissed with prejudice.

The only allegation made against Warden Keith in Deal's complaint and amended complaint is that Warden Keith allowed Robinson and Hood to disobey the rules put in place to maintain inmate safety. This allegation is asserted against Warden Keith in his capacity as a supervisor. The doctrine of *respondeat superior*, which makes an employer or supervisor liable for an employee's alleged tort, is

4

unavailable in 42 U.S.C. §1983 suits. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987). Well settled jurisprudence establishes that supervisory officials cannot be held vicariously liable for their subordinates' actions. They may be held liable only if (1) they affirmatively participate in acts that cause constitutional deprivations or (2) implement unconstitutional policies that causally result in plaintiff's injury. Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992), cert. denied 508 U.S. 951 (1993). Thompkins, 828 F.2d at 303.

Though Deal sought to amend his complaint to add Corrections Corporation of America ("CCA") as a defendant with Warden Keith (Doc. 28) and assert a claim that they implemented an unconstitutional policy, the motion was denied.[1]  Accordingly, Deal's arguments

---

[1] In the motion to amend, Deal asserted a claim for deliberate indifference by CCA and Warden Keith for implementing an unconstitutional policy. However, he failed to state what the policy was or provide any argument as to good cause for the amendment. He further stated an amendment would not result in prejudice. However, he failed to address the fact the case was more than 18 months old, he had already been ordered to amend his complaint to state what each defendant did to violate his constitutional rights, provide the dates of each alleged violation, present allegations of deliberate indifference and advise whether he received a disciplinary charge, conviction and/or punishment, that discovery was complete, the defendants' motion for summary judgment had been pending more than three months, that CCA would have to be served, additional discovery

regarding an unconstitutional policy implemented by CCA and Warden Keith are misplaced and the merits of the arguments are not considered. Accordingly, the *respondeat superior* claim against Warden Keith should be dismissed with prejudice.

## Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Deal's suit should be DISMISSED WITH PREJUDICE as the action is frivolous and as Deal failed to state a claim for which relief can be granted pursuant to 28 U.S.C. §1915(e).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before making a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN** would have to take place, what the discovery would show or the time and expense defendants would have to incur to defend the last minute amendment. Accordingly, having found no good cause for the amendment but seeing clearly the prejudicial effect an amendment would have on both the defendants and judicial resources, I denied the motion.

FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

THUS DONE AND SIGNED at Alexandria, Louisiana on this 14th day of August, 2014.

_____
James D. Kirk
UNITED STATES MAGISTRATE JUDGE